UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

April 22, 2021

Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Allan Armando Haye, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| versus | § | Civil Action H-19-4321 |
| | § | |
| JP Morgan Chase Bank, N.A., | § | |
| | § | |
| Appellee. | § | |

| | | |
|---|---|---|
| In re | § | Bankruptcy 19-32662 |
| Allan Armando Haye, | § | |
| | § | |
| Debtor. | § | |

## Opinion on Appeal

1.    *Background.*

On October 19, 2007, Elizabeth Thomas signed a loan to buy property in Tomball, Texas. The note was assigned to JP Morgan Chase Bank, N.A.

About four years later, in 2010, Thomas stopped paying her loan.

In October 2010, Thomas began a ten year campaign of lawsuits and bankruptcies – over 15 have been filed – to avoid foreclosure. One suit, 4:13-cv-1022, *Thomas, et al. v. JP Morgan Chase, N.A.*, was dismissed with prejudice. Thomas's challenge to the Bank's lien failed, and the judgment's effect was that the Bank's lien is valid.

From October 2015 to October 2016, Thomas and her attorney, James Anderson, recorded 11 questionable or invalid documents in the real property records in an effort to disrupt the Bank's interest in the property – including a purported satisfaction and release of the lien.

On February 1, 2019, Allan Haye bought the property from Thomas's brother, Robert.

On May 7, 2019, Haye filed for bankruptcy claiming ownership of the Tomball property. He mentions neither the Bank's lien or the three lawsuits he had filed over the property in the weeks before his bankruptcy.

During the Section 341 meeting, Haye said that he had no relator, contract, or disclosure documents when he bought the property. He could not remember the price he paid and other salient details. He claimed he was not aware that the property had been involved in litigation.

On September 18, 2019, the bankruptcy court held a hearing to discuss the Bank's motion for *in rem* relief. Before the hearing, Haye's counsel told the Bank's counsel, Haye, and the clerk of the court that he would not be available for the hearing because of a family emergency. Counsel agreed that the Bank would advise the court of his situation, and it did. The bankruptcy court said that Haye's counsel should have moved for a continuance if he could not appear. Haye was sitting outside the court room, but left when the court called a recess.

After returning from the recess, the bankruptcy court granted the Bank's motion for *in rem* relief by default because Haye failed to appear or move to continue the hearing. Thomas had appeared but said she had no interest in the property, so the court ruled she had no standing to challenge the motion. The court's September 24, 2019, order reflected its holdings from the hearing.

On October 22, 2019, the bankruptcy court denied Haye's motion to reconsider.

On October 30, 2019, Haye appealed the September 24, 2019, order granting *in rem* relief and the October 22, 2019, order denying reconsideration arguing that: (a) the Bank had no standing for relief because it was not a secured creditor; (b) the court abused its discretion by granting relief by default; and (c) the court abused its discretion by granting relief because the Bank did not meet the statutory elements.

Haye also claims that a Harris County court entered a temporary restraining order prohibiting foreclosure on the property on December 3, 2019. The record is clear this is a lie as that was a *show cause* order. The motion for temporary restraint was denied on January 20, 2020.

2.      *Standing.*

Under 11 U.S.C. § 362, a bankruptcy court may grant *in rem* relief from an automatic stay in favor of a secured creditor if it finds that the petition was filed as a part of a scheme to defraud the creditor.

Haye says that the Bank does not have standing because its lien in invalid, so it is not a secured creditor. He argues that the lien was satisfied and released which was supported by a February 14, 2019, judgment – *Thomas, et al. v. McCarty Haltus, LLP* – from the 133rd District Court in Harris County.

The facts show that the satisfaction and release was invalid. The deed of trust allowed just the lender – the Bank – to change the trustee. Anderson was appointed as substitute trustee under the satisfaction and release without the Bank's consent.

The Harris County court's judgment was an agreed order in a case where the Bank was not a party, thus it is not binding on it. The order also did not find the Bank's lien to be invalid. It could not have found anything against the Bank, a non-party.

Haye's feigned ignorance and twisting of the facts does not invalidate the Bank's lien.

The Bank had standing to move for *in rem* relief in the bankruptcy court.


3.      *Abuse of Discretion – Default.*

Haye says that the Bank's counsel agreed to make a oral motion to continue the hearing because Haye's counsel could not appear for an unspecified family emergency. Haye claims the Bank was silent and said nothing during the hearing. He argues that the bankruptcy court abused its discretion when it found that Haye "never appeared."

Haye gives no legal support for his assertion that default is not a proper means to grant *in rem* relief. His rendition of what happened again twists the facts.

Haye had proper notice of the hearing and an opportunity to respond – which he did in writing. The record shows the agreement made was that the

Bank would advise the court of Haye's situation but would not agree to an oral motion. Haye gives no evidence to the contrary.

Hayes did not appear in person or through counsel and did not move to continue the hearing.  Default was proper.

The bankruptcy court did not abuse its discretion by granting *in rem* relief by default.

4.     *Abuse of Discretion – Merits.*

Under 11 U.S.C. § 362(d), a bankruptcy court may grant *in rem* relief if it finds that: (a) the debtor's current bankruptcy filing was part of the scheme; (b) the scheme's object was to delay, hinder, and defraud creditors; and (c) the scheme must have involved either that some interest in the property was transferred without the secured creditor's or the court's consent, or that multiple bankruptcy filings affected the property.[1]

Haye says that the current bankruptcy filing cannot be the part of a scheme because the Bank is not a secured creditor. He also argues that this bankruptcy is not part of a scheme to delay, hinder, and defraud the Bank because the Bank is not a secured creditor, and no other creditors made the same assertion. Haye claims that there was no transfer of a property interest by him, and that this was Haye's sole bankruptcy filing affecting the property.

This court has already found that the Bank is a secured creditor and will not address that issue again. A majority of Haye's arguments fail on this alone.

There is no requirement that the scheme must be solely carried out by Haye. Holding otherwise would allow people to avoid their debts by simply transfering title to others who immediately file for bankruptcy.

The property was transferred from Elizabeth Thomas to Robert Thomas to Haye. These three have filed over 20 lawsuits and seven bankruptcies related to this property. Most of these cases were dismissed for a variety of reasons – including for violating court orders – and multiple courts have sanctioned

---

[1] *In re JCP Properties, Ltd.*, 540 B.R. 596, 619 (Bankr. S.D.T.X. 2015).

Thomas for her frivolous litigation history. Thomas and her accomplices also created and recorded multiple documents – ranging from "corrected" deeds to releases to substitutions of trustees – to try to invalidate the Bank's lien.

The bankruptcy court concluded these actions were sufficient to show a scheme to hinder, delay, and defraud the Bank by preventing it from foreclosing on the property. This court agrees.

To Haye's disagreement, the bankruptcy court also determined that Haye was a part of this scheme. Having reviewed the record, this court agrees. It appears that Haye was merely a straw-man buyer of this property so that this vexatious war on the Bank's lien could continue after multiple courts grounded Thomas's assault. Haye could not recall the most basic details of his purchase. These records are public, and Haye is presumed to know the terms of his purchasing deal. A check and a deed, at minimum, were exchanged if the transfer was legit. Haye also filed three lawsuits in short order of his bankruptcy. It is clear that Haye had taken command in the campaign against the Bank.

The bankruptcy court did not abuse its discretion in granting *in rem* relief.

5.    *Conclusion.*

The bankruptcy court's September 24, 2019, and October 22, 2019, orders will be affirmed.

Signed on April 22, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

## Appendix A – Schedule of Lawsuits

a.  10-cv-4320, *Thomas v. Mortg. Elec. Registration Sys., Inc.* (S.D.T.X.)

b.  10-40785-H3-7, *In re Elizabeth Thomas* (Bankr. S.D.T.X.)

c.  11-3090, *Thomas v. Dolan Media Co.* (Bankr. S.D.T.X.)

d.  11-cv-3656, *Thomas v. JP Morgan Chase, N.A.* (E.D.N.Y.)

e.  13-cv-1022, *Thomas, et al. v. JP Morgan Chase, N.A.* (S.D.T.X.)

f.  2013-4627, *Thomas, et al. v. The Professional Law Firm and Corp. of Barrett, Daffin, Frappier, Turner, & Engle, LLP* (333rd Dist. Harris Cty.)

g.  13-cv-2481, *Thomas, et al. v. The Professional Law Firm and Corp. of Barrett, Daffin, Frappier, Turner, & Engel, LP* (S.D.T.X.)

h.  14-22609, *In re Elizabeth Thomas* (Bankr. S.D.N.Y.)

i.  2014-54729, *Thomas, et al. v. Meritage Homes, et al.* (61st Dist. Harris Cty.)

j.  17-33326, *In re Elizabeth Thomas* (Bankr. S.D.T.X.)

k.  2017-76678, *Thomas, et al. v. Meritage Homes Corp., et al.* (234th Dist. Harris Cty.)

l.  18-cv-851, *Miramar Lakes Homeowner's Ass'n v. Thomas, et al.* (S.D.T.X.)

m.  2018-14171, *Robert Thomas v. McCarthy & Holtus, LLP.* (133rd Dist. Harris Cty.)

n.  18-23676-shl, *In re Elizabeth Thomas* (Bankr. S.D.N.Y.)

o.  2019-8058, *Haye Allen v. McCarthy & Holtus, LLP, et al.* (334th Dist. Harris Cty.) (three separate petitions were attempted to be filed but were all consolidated into this case number)

p.  2019-30835, *Allen Haye v. McCarthy & Holtus, LLP, et al.* (334th Dist. Harris Cty.)